PERRY, J.,
concurring in part and dissenting in part.
In light of the circumstances we find in this case, I concur with the majority’s decision to deny counsels’ motion to withdraw from representation of Mr. Van Poyck. However, I respectfully and profoundly dissent from the majority’s decision to deny counsel’s motion to grant a stay of execution in this case.
In my view, majority is willingly disregarding the reality that counsel has admitted that it is not prepared to provide Mr. Van Poyck with the level of representation he should be afforded under the Sixth and Fourteenth Amendments.
It is inexcusable for counsel to be unprepared to properly represent its client in light of the fact that these attorneys who are very familiar with Mr. Van Poyck’s case in the very recent past. E.g., Gerald Bettman and Jeffrey Davis have represented Van Poyck in many of Van Poyck’s cases, including as recent as 2011 (Davis in Federal Court) and 2012 (Bettman in this Court). Yet, I find it unsettling that the majority is intent on not granting a reasonable stay — 30 days — for these attorneys, or some other court-appointed lawyers to have time to determine whether *270 there are any justiciable issues that may be legitimately explored prior to the culmination of the pending death warrant signed by the Governor. There is little excuse why this Court should blindly ignore the fact that counsel has knowingly and willingly admitted that it cannot meet its constitutionally required duty to provide ineffective representation of this defendant.
I cannot ignore that Van Poyck, and every other person subject to the laws of this State, is deserving of this Court’s guard of his constitutionally — protected rights — including the right to effective assistance of counsel. To the extent that the majority has concerns that granting a stay of execution in this case will detrimentally affect the finality and stability of this Court’s jurisprudence, such concern is unfounded and unwarranted. This Court must ensure that the proper steps are taken, under the circumstances, in every case where the Governor has signed a death warrant, because the sentence of death is different and final. Accordingly, I respectfully dissent to extent that the majority’s decision denies a reasonable stay of execution in this case.
PARIENTE, J., concurs.